# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| COREY TAYLOR, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 3:23-cv-00252 |
| | ) Judge Trauger |
| ANITA THORNS, et al., | ) |
| Defendants. | ) |

## ORDER

Corey Taylor, an inmate of the Davidson County Sheriff's Office in Nashville, Tennessee, filed a pro se civil rights complaint under 42 U.S.C. § 1983 (Doc. No. 1), and an unsworn application to proceed in forma pauperis (IFP). (Doc. No. 2.)

On April 12, 2023, the court entered an order denying the plaintiff's IFP application without prejudice after explaining that it failed to comply with the requirements of the governing statute, 28 U.S.C. § 1915(a). (Doc. No. 4.) The plaintiff was ordered to either file a proper IFP application (using a form provided by the Clerk of Court) or pay the full filing fee within 30 days. (*Id.* at 2.) He was explicitly cautioned that failure to do so would likely result in the dismissal of this case for want of prosecution and the assessment of the full filing fee against his inmate trust account. (*Id.*)

Nothing further has been filed in this case. The plaintiff's deadline for compliance with the court's April 12 order has passed, and he has not resolved the matter of the filing fee as directed. Dismissal of this action is therefore appropriate, in view of the plaintiff's fault in failing to comply with the court's order despite having been warned that such failure could lead to dismissal, *Choate v. Emerton*, No. 2:16-cv-00037, 2018 WL 3656505, at *2 (M.D. Tenn. Aug. 2, 2018), *report and*

*recommendation adopted*, 2018 WL 4076955 (M.D. Tenn. Aug. 27, 2018), and pursuant to the court's "well settled . . . authority to dismiss sua sponte a lawsuit for failure to prosecute." *Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013). Due to the plaintiff's pro se status, as well as the preference for disposing of cases on their merits, *see Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 591 (6th Cir. 2011) (quoting *Little v. Yeutter*, 984 F.2d 160, 162 (6th Cir. 1993)), the court finds dismissal without prejudice to be the appropriate disposition here.

Accordingly, this action is **DISMISSED WITHOUT PREJUDICE** for want of prosecution and for failure to comply with the court's order.

The filing fee must be assessed against the prisoner in this circumstance. *See In re Prison Litig. Reform Act*, 105 F.3d 1131, 1132 (6th Cir. 1997) ("If the prisoner does not comply with the district court's directions, the district court shall presume that the prisoner is not a pauper, and assess the inmate the full amount of fees."). Accordingly, the entire $402 fee is hereby **ASSESSED**, as follows:

The warden of the facility in which the plaintiff is currently housed, as custodian of his trust account, is **DIRECTED** to submit to the Clerk of Court, as an initial payment, the greater of: (a) 20% of the average monthly deposits to the plaintiff's credit at the jail; or (b) 20% of the average monthly balance to the plaintiff's credit for the six-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1). Thereafter, the custodian shall submit 20% of the plaintiff's preceding monthly income (or income credited to the plaintiff for the preceding month), but only when the balance in his account exceeds $10. *Id.* § 1915(b)(2). Payments shall continue until the $402 filing fee has been paid in full to the Clerk of Court. *Id.* § 1915(b)(3).

The Clerk of Court **MUST** send a copy of this order to the warden of the facility where the plaintiff is housed to ensure compliance with that portion of 28 U.S.C. § 1915 pertaining to the

payment of the filing fee. If the plaintiff is transferred from his present place of confinement, the custodian must ensure that a copy of this order follows the plaintiff to his new place of confinement, for continued compliance with the order. All payments made pursuant to this order must be submitted to the Clerk of Court for the United States District Court for the Middle District of Tennessee, 719 Church Street, Nashville, TN 37203.

It is so **ORDERED**.

_____
Aleta A. Trauger
United States District Judge